IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD H. KARBARZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 04 C 2861 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| ILLINOIS DEPARTMENT OF EMPLOYMENT ) | |
| SECURITY and DEPARTMENT OF CENTRAL ) | |
| MANAGEMENT SERVICES, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Richard Karbarz has brought a second amended complaint against his former employer, the Illinois Department of Employment Security ("IDES"), and the Department of Central Management Services ("CMS"), alleging gender-based discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Defendants have moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6). For the reasons set forth below, the motion is granted in part and denied in part.

## BACKGROUND

In his second amended complaint plaintiff alleges that in 2002 he sought employment with defendant IDES. He received a letter dated December 31, 2002, indicating that he had been "selected for the Public Services Administrator, 'Option 3' Position," effective Thursday, January 16, 2003, at a rate of pay of $4,583 per month. The letter indicated that plaintiff was to report to the IDES office located at 401 S. State Street, Chicago, Illinois on January 16, 2003, at

8:30 a.m. He reported as instructed, but was told that IDES had no positions available. Plaintiff alleges that a younger female was hired for his position.

Plaintiff was subsequently hired on July 3, 2003, but in a position with less responsibility that was more technically demanding. Plaintiff alleges that he was not given adequate training to succeed in the job, while younger female employees received such training. Plaintiff also alleges that he was routinely harassed and admonished for his lack of skill.

Plaintiff's employment was terminated on December 15, 2003. He alleges that the younger female employees who received training were not terminated.

## DISCUSSION

Defendants have moved to dismiss the second amended complaint arguing that: (1) plaintiff's Title VII claims are untimely; (2) the claim against CMS should be dismissed because CMS was not listed in plaintiff's charge with the Equal Employment Opportunity Commission ("EEOC") and was not plaintiff's employer; and (3) even if timely filed, portions of plaintiff's claim are beyond the scope of his EEOC charge. Defendants are only partially correct.

Plaintiff had 90 days after receipt of a Right to Sue letter from the EEOC to file a Title VII action. 42 U.S.C. § 2000e-5(f)(1); Velasco v. Illinois Department of Human Services, 246 F.3d 1010, 1018 (7th Cir. 2001). Plaintiff filed a charge with the EEOC on January 6, 2003, complaining that his employment was terminated based on his gender and age. A Right to Sue letter was issued on January 23, 2004, meaning he had until April 22, 2004, to file a Title VII complaint.

Plaintiff filed his original complaint in this action on April 21, 2004, within the 90 days. The complaint did not, however, raise any claims under Title VII and made no reference to

2

plaintiff's EEOC charge. The complaint, which set forth the same basic facts as alleged in the second amended complaint, allege sex and age discrimination and sought damages under 42 U.S.C. § 1981 and § 1983. Faced with a valid motion to dismiss based on the Eleventh Amendment, plaintiff filed an amended complaint on October 18, 2004, raising a Title VII gender-based claim for the first time.

Defendants argue that the amended complaint is time barred. Plaintiff presents two arguments in response. First, plaintiff argues that the original complaint stated a claim under Title VII by alleging that plaintiff was not hired and that a younger female less qualified was hired. This argument would be more persuasive had the original complaint referenced the EEOC charge, thereby putting defendant on notice that plaintiff was pursuing a Title VII action. The original complaint contained no such reference, however, and thus gave no notice to defendant. See Brown v. Environmental Restoration LLC, 2002 WL 206621 (N.D. Ill. 2002). Therefore, the court rejects plaintiff's argument that the original complaint raised a Title VII claim.

Next, plaintiff argues that the amended complaint relates back to the date of the original complaint under Fed. R. Civ. P. 15(c)(2). The parties' briefing on this issue is woefully inadequate. Neither plaintiff nor defendant cite to any authority supporting their respective positions. The court's own research reveals, however, that plaintiff is correct. The same precise factual situation was presented in Sessions v. Rusk State Hospital, 648 F.2d 1066, 1070 (5th Cir. 1981), where the plaintiff's original complaint asserting a claim under § 1981 was barred by the Eleventh Amendment. An amended complaint asserting a Title VII claim was filed seven months later. The Fifth Circuit held that the latter complaint did relate back because both claims revolved around the same operative facts:

A complaint that is defective because it does not allege a claim within the subject matter jurisdiction of a federal court may be amended to state a different claim over which the federal court has jurisdiction. If the claim asserted in the amendment arises out of the conduct or occurrence set forth in the original complaint, the amendment is given retroactive effect to the date the original complaint was filed. Fed. R. Civ. P. 15(c). So long as the Title VII claim is based on the discrimination originally charged in the complaint, allowing it to relate back to the date of filing the Section 1981 claim works no hardship on the defendant for the original complaint furnished adequate notice of the nature of the suit. Here the Title VII and Section 1981 claims were based on the identical facts and allegations of discrimination. (Internal quotations omitted.)

As is clear from <u>Sessions,</u> as well as the language of the rule itself, relation back under Rule 15 (c)(2) is controlled not by the label placed on a particular claim, but by the underlying facts upon which the claim is based. As in <u>Sessions</u>, plaintiff's amended complaint and second amended complaint are based on the same factual allegations as set forth in the original complaint. Therefore, the court concludes that the amended complaint relates back to the date of the filing of the original complaint and that plaintiff's Title VII claims are timely.

Next, CMS argues that it should be dismissed because it was not named in the EEOC charge and was not plaintiff's employer. CMS is correct. Title VII prohibits an "employer" from discriminating on the basis of, among other things, sex. 42 U.S.C. § 2000e. Because plaintiff does not allege that CMS was his employer, he cannot maintain a Title VII action against it. According, defendant CMS's motion to dismiss is granted.

Finally, defendants argue that the second amended complaint raises claims that exceed the scope of plaintiff's EEOC charge, which complained only of his discharge. As a general rule, a Title VII plaintiff cannot bring claims in a law suit that were not included in the EEOC charge. <u>Cheek v. Western and Southern Life Insurance Co.</u>, 31 F.3d 497, 500 (7th Cir. 1994). Nonetheless, because most EEOC charges are completed by lay persons, the test for determining

4

whether an EEOC charge encompasses the claims in the complaint is fairly liberal. All claims that are like or reasonably related to those in the EEOC charge can be brought in a subsequent law suit. Id. Thus, plaintiff may bring any claims of gender based discrimination that occurred within 300 days of the filing of his charge. Koelsch v. Beltone Electronics Corp., 46 F.3d 705, 707 (7th Cir. 1995).

## CONCLUSION

For the reasons set forth above, defendant IDES's motion to dismiss is denied. Defendant CMS's motion to dismiss is granted.

**ENTER:** **February 25, 2005**

Robert W. Gettleman
United States District Judge

5